UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARILYN JACOBS and LISA JACOBS,     *
                                    *
        Plaintiffs,                 *
                                    *
            v.                      *     Civil Action No. 1:19-cv-12262-IT
                                    *
MASSACHUSETTS STATE POLICE,         *
                                    *
        Defendant.                  *

MEMORANDUM & ORDER

March 5, 2021

TALWANI, D.J.

Plaintiffs Marilyn and Lisa Jacobs brought this action *pro se* against the Massachusetts State Police ("State Police"), alleging that the State Police had violated their federal civil rights and caused them intentional infliction of emotional distress by failing to investigate a hit-and-run car accident in which Plaintiffs were involved. Compl. [#1]. The court granted the State Police's Motion to Dismiss [#13] on the grounds that the claims were barred by sovereign immunity and the Massachusetts Tort Claims Act, G. L. c. 258, § 10(c). See Elec. Order [#40]. However, the court permitted Plaintiffs, who are now represented by counsel, to file a Motion for Leave to Amend the Complaint [#42], which has been opposed by the State Police. For the following reasons, the Motion for Leave to Amend the Complaint [#42] is DENIED.

I.      **Factual Background**

The facts alleged in the Proposed Amended Complaint [#42-1] are as follows. On November 11, 2016, Plaintiffs went to the State Police station in Framingham to report a hit-and-run car accident. Prop. Am. Compl. ¶ 14 [#42-1]. They told the officers on duty that their car had

been struck by a white van, which then fled the scene. Id. at ¶ 16. Plaintiffs provided the officers

with the van's license plate number and the time and location of the accident. Id. at ¶¶ 14, 16.

Plaintiffs allege that the State Police officers promised to investigate the accident but

never did. Id. at ¶¶ 18, 20. The officers did not interview the owners of the white van or

otherwise conduct any investigation into Plaintiffs' allegations. Id. at ¶¶ 20-21. Nor did they

respond to Plaintiffs' repeated requests for information about the investigation. Id. at ¶¶ 22, 27.

Plaintiffs allege that, instead, Lieutenants Michael Fitzgerald and Richard Chase told

Plaintiffs that the State Police had lost the information about their accident and that Fitzgerald

later claimed that Plaintiffs had refused to give him any information. Id. at ¶¶ 22, 25. They also

allege that Sergeant Robert Kinney acknowledged the lack of investigation and promised them a

settlement payment, id. at ¶ 23; that Captain Robert Johnson harassed and intimidated them and

told them that no crime had taken place, id. at ¶ 24; and that Colonel Kerry Gilpin harassed and

intimidated them and told them that the lack of investigation was not her problem, id. at ¶ 26.

Finally, Plaintiffs allege that Lieutenant Fitzgerald threatened to criminally charge and prosecute

them for harassment if they continued to call about the investigation and for trespass if they came

to the police station. Id. at ¶ 31.

## II.   Standard of Review

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading shall be freely

granted "when justice so requires." Nevertheless, a motion for leave to amend may be denied if

the proposed amendment would be futile. See Hatch v. Dep't for Children, Youth & Their

Families, 274 F.3d 12, 19 (1st Cir. 2001) ("futility is fully sufficient to justify the denial of a

motion to amend"). When leave to amend is sought before discovery is complete, and neither

party has moved for summary judgment, futility is gauged by the same standard as legal sufficiency under Rule 12(b)(6). See id.

Under Rule 12(b)(6), the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiffs' favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

In determining whether to grant leave to amend, the court therefore considers whether the Proposed Amended Complaint [#42-1] states a claim upon which relief can be granted.

## III.  Discussion

Plaintiffs seek leave to add five defendants to their complaint against the State Police: Lieutenants Michael Fitzgerald and Richard Chase, Sergeant Robert Kinney, Captain Robert Johnson, and Colonel Kerry Gilpin. Prop. Am. Compl. ¶¶ 8-12 [#42-1]. All five are officers with the State Police, and Plaintiffs seek to add them in their official and individual capacities. Id. Plaintiffs also seek to assert eight new claims against the State Police and the officers, five under 42 U.S.C. § 1983 ("section 1983") and three under state law.

### A.  *Section 1983 Claims against the State Police and the Individual Defendants in their Official Capacities*

"[N]either a state agency nor a state official acting within his official capacity may be sued for damages in a section 1983 action." Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir.

1991) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Plaintiffs do not

dispute that their section 1983 claims against the State Police are therefore futile.

Plaintiffs argue, however, that state officials may be sued in their official capacities for

injunctive, if not monetary, relief. Pls' Reply ¶ 10 [#45]. But that is true only where a plaintiff

seeks prospective relief. See Papasan v. Allain, 478 U.S. 265, 277–78 (1986); Whalen v. Mass.

Trial Court, 397 F.3d 19, 29–30 (1st Cir. 2005). Where a plaintiff seeks relief to remedy past

injuries rather than to prevent future harm, sovereign immunity bars the claim against not only

the state agency but also the state officials in their official capacity, regardless of the label the

plaintiff uses for the relief she seeks. See Papasan, 478 U.S. at 278 ("Relief that in essence serves

to compensate a party injured in the past by an action of a state official in his official capacity

that was illegal under federal law is barred even when the state official is the named defendant");

see also Wilson v. Brown, 889 F.2d 1195, 1197 n.4 (1st Cir. 1989) ("[I]t is well settled that while

prospective injunctive relief is permissible, retrospective relief is barred [by the Eleventh

Amendment]") (citing Edelman v. Jordan, 415 U.S. 651, 651, 668 (1974)). Here, Plaintiffs'

requested relief seeks to remedy alleged past harms rather than to prevent future harms, and

accordingly their section 1983 claims against the proposed individual defendants in their official

capacities are also futile.

B.   *Section 1983 Claims Against the Individual Defendants in their Individual*
*Capacities*

Section 1983 creates a civil cause of action against individuals acting under color of state

law who violate a plaintiff's federally protected rights. 42 U.S.C. § 1983. "A claim under section

1983 has two essential elements. First, the challenged conduct must be attributable to a person

acting under color of state law" and "second, the conduct must have worked a denial of rights

secured by the Constitution or by federal law." Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir.

1997). Here, there is no dispute that the officers were, at all times relevant, acting under color of state law. At issue is only whether the officers deprived Plaintiffs of a legally cognizable right. The court considers each of Plaintiffs' proposed section 1983 claims against the officers in their individual capacities in turn.

       1.      Procedural Due Process (Count I)

Plaintiffs' first section 1983 claim alleges that the officers' failure to investigate the car accident violated their procedural due process rights under the Fourteenth Amendment. Prop. Am. Compl. ¶¶ 38-46 [#42-1].

"There is no constitutional right to a police investigation, adequate or otherwise." Thibeault v. Brown, No. CA 12-10333-PBS, 2013 WL 120123, at *5 (D. Mass. Jan. 8, 2013); see also Hayden v. Grayson, 134 F.3d 449, 452 (1st Cir. 1998) ("there is no constitutional right to police protection"). So, "[t]he failure of police officers to conduct an adequate investigation is not sufficient to state a civil rights claim under Section 1983 'unless there was another recognized constitutional right involved.'" Williams v. City of Boston, 771 F. Supp. 2d 190, 200 (D. Mass. 2011) (quoting Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir.1985)). Cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Where Plaintiffs have failed to identify any such constitutionally protected right, the claim is futile.

       2.      Retaliation (Count II)

Plaintiffs next claim that the officers violated their First Amendment rights by harassing, intimidating, and threatening them in retaliation for complaining about the lack of investigation into the accident. Prop. Am. Compl. ¶¶ 47-69 [#42-1]. To state a First Amendment retaliation claim, a plaintiff must show that (1) her speech was constitutionally protected; (2) she suffered a

legally cognizable injury; and (3) her speech was a "substantial" or "motivating" factor for the retaliatory conduct. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 285-87 (1977); see also Powell v. Alexander, 391 F.3d 1, 16 (1st Cir. 2004).

Filing a criminal complaint with the police falls within the ambit of protected First Amendment speech. See Entler v. Gregoire, 872 F.3d 1031, 1043 (9th Cir. 2017) ("filing of criminal complaints falls within the embrace of the First Amendment"); Meyer v. Bd. of Cnty. Comm'rs of Harper Cnty., 482 F.3d 1232, 1243 (10th Cir. 2007) ("filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right to petition the government for the redress of grievances"). And the First Amendment also "protects a significant amount of verbal criticism and challenge directed at police officers." City of Houston, Tex. v. Hill, 482 U.S. 451, 461 (1987). But even assuming that at least some of Plaintiffs' actions amounted to protected speech, Plaintiffs have not offered facts to support their claim that they suffered a legally cognizable injury or that their speech was a substantial or motivating factor for the retaliatory conduct.

A plaintiff's factual allegations, taken as true, need not be detailed, but they must be "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. Here, most of Plaintiffs' factual allegations are so vague as to be meaningless. They allege retaliation in the form of "harassment," "intimidation," and "threats" by all five officers but offer little more. Prop. Am. Compl. ¶¶ 24, 26, 30-31, 35-36, 57 [#42-1]. Where the inquiry is whether the Proposed Amended Complaint [#42-1] states a plausible claim against the proposed defendants, Plaintiffs' vague and conclusory allegations of retaliation by unspecified officers are insufficient to state a claim. See Penalbert-Rosa v.

Fortuno-Burset, 631 F.3d 592, 594 (1st Cir. 2011) ("an adequate complaint must include not only a plausible claim but also a plausible defendant").

Plaintiffs do allege slightly more as to Lieutenant Fitzgerald, asserting that he threatened that if they did not "stop going to the Massachusetts State police barracks to complain about the accident or investigation . . . they would be arrested for trespassing," and if they did not "stop complaining about the accident and its investigation that they would be arrested for harassment." Prop. Am. Compl. ¶ 31 [#42-1]. Even here, however, the allegations fail to state a plausible claim where Plaintiffs were not in fact arrested and have alleged no cognizable injury, and where Plaintiffs' own allegations of repeatedly contacting the State Police suggest that their harassing conduct, rather than their protected speech, may have engendered the alleged threats. See Prop. Am. Compl. ¶ 30 ("The plaintiffs severally [sic] contacted the defendants asking, requesting and pleading to them to have the promised and assured investigation be done").

The court is further persuaded that Plaintiffs have no plausible retaliation claim where neither Plaintiffs' original *pro se* complaint [#1], nor their Opposition to Defendant's Motion to Dismiss [#34], filed through counsel, made any mention of any factual basis for a retaliation claim.

### 3.    Substantive Due Process and Equal Protection (Count III)

Plaintiffs' third section 1983 claim alleges violations of both due process and equal protection. Prop. Am. Compl. ¶¶ 70-77 [#42-1]. Specifically, Plaintiffs claim that the officers' failure to follow the State Police's own "policies, practices, and procedures regarding the conduct of good faith investigations" constitutes discrimination.[1] Id. at ¶¶ 71-72.

---

[1] Plaintiffs also reference the First and Fourth Amendments under Count III of their Proposed Amended Complaint [#42-1], but it is not clear how those amendments are implicated.

It is not clear from the Proposed Amended Complaint [#42-1] whether the alleged due process violation falls under procedural or substantive due process. Insofar as Plaintiffs claim another procedural due process violation, that has already been addressed above. If Plaintiffs are attempting to claim that the officers violated their substantive due process rights, they "must allege facts 'so extreme and egregious as to shock the contemporary conscience.'" Abdisamad v. City of Lewiston, 960 F.3d 56, 59–60 (1st Cir. 2020) (quoting DePoutot v. Raffaelly, 424 F.3d 112, 118 (1st Cir. 2005)). "[T]he requisite arbitrariness and caprice must be stunning, evidencing more than humdrum legal error." Amsden v. Moran, 904 F.2d 748, 754 n.5 (1st Cir. 1990). None of the allegations in Plaintiffs' Proposed Amended Complaint [#42-1] meet this standard, and the conduct therefore does not amount to a substantive due process violation.[2]

Plaintiffs' equal protection allegations fare no better. "An equal protection claim requires 'proof that (1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013) (quoting Rubinovitz v. Rogato, 60 F.3d 906, 909–10 (1st Cir. 1995)). Plaintiffs' Proposed Amended Complaint [#42-1] claims no membership in a protected class, nor does it claim that the officers

---

[2] In their Reply ¶¶ 15-17 [#50], Plaintiffs also argue that the officers are liable under the "state-created danger" theory. This theory allows plaintiffs to allege substantive due process violations when state actors "affirmatively abuse governmental power so as to create danger to individuals and render them more vulnerable to harm." Soto, 103 F.3d at 1064. However, the First Circuit has, to date, never applied the state-created danger theory. See id.; Irish v. Maine, 849 F.3d 521, 526 (1st Cir. 2017) ("While this circuit has discussed the possible existence of the state-created danger theory, we have never found it applicable to any specific set of facts"). In addition, Plaintiffs have failed to identify any specific danger to which they were exposed and how the officers' actions contributed to such danger.

arbitrarily and unfavorably singled them out as a "class of one." See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment"). Where Plaintiffs have failed to allege any disparate treatment on any basis, the claim is futile.

4.     Civil Conspiracy (Count IV)

Plaintiffs' fourth section 1983 claim alleges that the officers conspired to deprive Plaintiffs of their constitutional rights under the First, Fourth, and Fourteenth Amendments. Prop. Am. Compl. ¶¶ 78-83 [#42-1]. "To establish a civil rights conspiracy, a plaintiff must show 'not only a conspiratorial agreement but also an actual abridgment of some federally-secured right.'" Sánchez v. Foley, 972 F.3d 1, 11 (1st Cir. 2020) (quoting Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001)). As explained in the previous sections, however, Plaintiffs have failed to demonstrate that any of their federal rights were violated. The conspiracy claim is therefore also futile.

5.     Failure to Intervene (Count V)

Plaintiffs' final section 1983 claim alleges that the officers failed to intervene to prevent fellow officers from violating their constitutional rights. Prop. Am. Compl. ¶¶ 84-89 [#42-1]. To date, the First Circuit has recognized such claims only in the context of excessive force. See, e.g., Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002) ("An officer may be held liable not only for his personal use of excessive force, but also for his failure to intervene in appropriate circumstances to protect an arrestee from the excessive use of force by his fellow officers"); Davis v. Rennie, 264 F.3d 86, 98 (1st Cir. 2001) ("An officer who is present at the scene and

who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance"). But even if a failure to intervene claim were viable in broader circumstances, it would not be viable here where Plaintiffs have failed to establish any constitutional violation.

      C.    *State Law Claims*

In addition to their section 1983 claims, Plaintiffs' Proposed Amended Complaint [#42-1] seeks to add state law claims against the officers for civil conspiracy, intentional infliction of emotional distress, and violation of the Massachusetts civil rights statute, G. L. c. 12, § 11. However, because the court denies Plaintiffs leave to amend the complaint as to the proposed federal claims, leave to amend as to the proposed state claims is also denied for want of jurisdiction. See Rivera v. Murphy, 979 F.2d 259, 264–65 (1st Cir. 1992) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

## IV.    Conclusion

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend the Complaint [#42] is DENIED.

IT IS SO ORDERED.

March 5, 2021                               /s/ Indira Talwani
                                                 United States District Judge